LOLA COLEMAN STANLEY v. NATIONAL BANKERS LIFE INSURANCE COMPANY.

(Filed 31 October, 1956.)

APPEAL by plaintiff from *Clarkson, J.,* February, 1956 Civil Term, GASTON Superior Court.

Civil action to recover benefits under hospital and surgical policy of insurance issued to Marion Stanley and wife, Lola Coleman Stanley, by the defendant. On 21 December, 1951, the defendant collected from the Stanleys $6.00 registration fee and $5.25 premium for one month. The policy was issued as of 9 January, 1952, and monthly premiums in the same amount were due thereafter on the 9th of each month. The policy provided that loss or disability resulting from hypertension should be covered only if it originated after the policy had been in force for six months; and further, that the policy should be incontestable as to date of origin of any disability if premiums had been paid without lapse, for a period of two years. The insured Marion Stanley filed a claim for $513.50 for disability as a result of hypertension. The defendant contended the disability arose within the first six months, and refused payment. The insured entered the Gaston Memorial Hospital on 3 January, 1954 (less than two years after the date of the policy) and the defendant thereafter refused to accept payment of premiums and canceled the policy. The plaintiff brought suit for $513.50 actually due under the terms of the policy, and for $25,000 punitive damages for wilful, malicious, and fraudulent conduct in failing to include all the terms of the agreement in the policy and by leaving out certain standard provisions required by North Carolina law; and by fraudulently inducing the insured to buy a worthless policy.

At the trial the parties stipulated that if the illness described in the policy is covered, the amount payable is $500.00. The court, after examining the policy, held the illness was covered. And gave the jury peremptory instructions to find for the plaintiff. Judgment for $500.00 was rendered accordingly. The plaintiff tendered an issue of punitive damages which the court refused to submit upon the ground the issue did not arise on the pleadings and the evidence. From the refusal of the court to submit the issue of punitive damages, the plaintiff appealed, assigning the same as error.

*Hugh W. Johnston for plaintiff, appellant.*
*James E. Walker for defendant, appellee.*

PER CURIAM. Careful examination of the record reveals that the allegations of the complaint and the evidence offered are insufficient to

justify or sustain an issue as to punitive damages. No useful purpose would be served by setting out and discussing the allegations and the evidence offered thereon.

The judgment of the Superior Court of Gaston County is .
Affirmed.

JOHNSON, J., not sitting.